# UNITED STATES DISTRICT COURT
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2017

SEAN F. McAVOY, CLERK

UNITED STATES OF AMERICA
V.
SCOTT CARL JOHNSON

**\*1st AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:15CR06042-SMJ-1

USM Number: 18550-085

Kevin James Curtis
Defendant's Attorney

\*Date of Original Judgment: 6/5/2017

☑ \*Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)
☐

**THE DEFENDANT**:

☑ pleaded guilty to count(s)   1 and 2 of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | 04/30/15 | 1 |
| 18 U.S.C. § 286 | Conspiracy to Defraud the Govenment- False Claims | 03/31/15 | 2 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/1/2017
Date of Imposition of Judgment

*signature*
Signature of Judge

The Honorable Salvador Mendoza, Jr.    Judge, U.S. District Court
Name and Title of Judge

6/28/2017
Date

DEFENDANT: SCOTT CARL JOHNSON
CASE NUMBER: 4:15CR06042-SMJ-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 97 months

The term of imprisonment consists of 97 months with respect to each of Counts 1 and 2 of the Information to be served concurrently with each other.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant shall receive credit for time served in federal custody prior to sentencing in ths matter.
Defendant shall participate in the BOP Inmate Financial Responsibility Program.
Court recommends placement of the defendant in the BOP Facility at Sheridan, Oregon.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: SCOTT CARL JOHNSON
CASE NUMBER: 4:15CR06042-SMJ-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 3 year(s)

The term of supervised release consists of 3 years with respect to each of Counts 1 and 2 of the Information to be served concurrently with each other.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: SCOTT CARL JOHNSON
CASE NUMBER: 4:15CR06042-SMJ-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must be truthful when responding to the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT:  SCOTT CARL JOHNSON
CASE NUMBER:  4:15CR06042-SMJ-1

# SPECIAL CONDITIONS OF SUPERVISION

1. You must provide the supervising officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office. You must disclose all assets and liabilities to the supervising officer. You must not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

2. You must not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

3. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

DEFENDANT: SCOTT CARL JOHNSON
CASE NUMBER: 4:15CR06042-SMJ-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $200.00 | $0.00 | $0.00 | $15,693,341.67 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| IRS-RACS | $9,517,412.50 | $9,517,412.50 | *2nd PRIORITY |
| Murex LLC | $6,175,929.17 | $6,175,929.17 | *1st PRIORITY |
| **TOTALS** | $15,693,341.67 | $15,693,341.67 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SCOTT CARL JOHNSON
CASE NUMBER: 4:15CR06042-SMJ-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the defendant's net household income, whichever is less, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the peroid of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| | | | |
|---|---|---|---|
| Scott C. Johnson 4:15-CR-6042-SMJ-01 | $9,517,412.50 | $4,360,724.50 | IRS-RACS |
| Richard Estes 4:15-CR-6048-SMJ-01 | $4,360,724.50 | $4,360,724.50 | IRS-RACS |
| Donald Holmes 4:15-CR-6044-SMJ-01 | $4,360,724.50 | $4,360,724.50 | IRS-RACS |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

See "Additional Forfeited Property" Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:  SCOTT CARL JOHNSON
CASE NUMBER:  4:15CR06042-SMJ-1

# ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>If appropriate |
|---|---|---|---|
| Nancy Bush Estes 4:15-CR-6047-SMJ-01 | $4,360,724.50 | $4,360,724.50 | IRS-RACS |
| Thomas Davanzo 2:15-CR-141-UA-MRM-1 (FLM) | $4,360,724.50 | $4,360,724.50 | IRS-RACS |
| Robert Fedyna 2:15-CR-00141-UA-MRM-2 (FLM) | $4,360,724.50 | $4,360,724.50 | IRS-RACS |

# ADDITIONAL FORFEITED PROPERTY

CONVEYANCES and PERSONAL PROPERTY

a. 2013 Malibu Wakesetter, HIN: US-MB2L7065K213, Reg No: WN4449SA, registered to Scott Johnson;
b. 2013 Boatmate Triple Axel Trailer, VIN: 5A7BB2433DT002077, License Plate Number: 9456YB, registered to Scott Johnson;
c. 2012 Ford F-350, VIN:1FT8W3BTXCEC95089, Washington License Plate: B90720W;
d. 2013 Ford F-150, VIN: 1FTFW1ET9DFC66167, Washington License Plate: B00607Z;
e. 2014 GMC Yukon XL, VIN:1GKS2MEF6ER112221, Washington License Plate: APL9329;
f. Breitling Bentley GMT Midnight Wristwatch, COSC:2675717;
g. Edward Jones Joint-1 Account, #XXX-XXX40-1-3, held by Scott Johnson and Kathy Johnson;

h. REAL PROPERTY

Franklin County, State of Washington, Tax Parcel Number: 124-052-060, described as follows:
All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as Ptn. Farm Unit 187, Irrigation Block 16, Columbia Basin Project, legally described as follows:
Parcel A: That portion of Farm Unit 187, Second Revision Farm Unit Irrigation Block 16, Columbia Basin Project, according to the plat thereof recorded in Volume C of the South Columbia Basin Irrigation Plats, page 17, records of Franklin County, Washington, described as follows:
Commencing at the Northwest corner of said Farm Unit 187;
Thence South 01°45'00'' East along the West line of said Farm Unit 187 a distance of 1,984.50 feet to the Southwest corner of said Farm Unit 187;
Thence South 89°43"00" East, along the South boundary line of said Farm Unit 187, a distance of 1,976.85 feet to the True Point of Beginning;
Thence continuing South 89°43'00" East along said South line a distance of 329.47 feet; Thence North 01°45'00" West parallel with the West line of Farm Unit 187 a distance of 661.50 feet;
Thence North 89°43'00" West parallel with the South line of said Farm Unit 187, a distance of 329.47 feet;
Thence South 01°45'00" East parallel with the West line of said Farm Unit 187, a distance of 661.50 feet to the True Point of Beginning; (Also known as Tract 22 of Survey recorded March 13, 1979, under Recording No. 389233);
Parcel B:
An easement being 60 feet in width for access and utility purposes, the centerline being described as follows:
Beginning at the Northwest corner of said Farm Unit 187;
Thence South 01°45'00" East along the West line of said Farm Unit 187, a distance of 661.50 feet to the True Point of Beginning of said easement;
Thence South 89°43'00" East parallel with the North line of said Farm Unit 187, a distance of 2,306.32 feet;
Thence South 01°45'00" East parallel with said West line a distance of 1,323.00 feet to the South line of said Farm Unit 187 and the terminus of said easement.

MONEY JUDGMENT
A sum of money equal to $1,000,000 in United States currency, representing the total amount of gross proceeds obtained as a result of the wire fraud offense(s).

SUBSTITUTE ASSETS

U.S. CURRENCY/PRECIOUS METALS AND COINS

1) Approximately $39,100 U.S. currency seized by IRS on or about April 16, 2015, pursuant to the execution of a federal search warrant;
2) Precious metals and coins with a total estimated value of $6,170.22, seized by IRS on or about April 16, 2015, pursuant to the execution of a federal search warrant.