FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   2:15-CR-6042-SMJ |
| Plaintiff, | |
| v. | **ORDER GRANTING JOINT PETITION TO RELEASE GRAND JURY MATERIALS AND JOINT MOTION FOR PROTECTIVE ORDER** |
| SCOTT CARL JOHNSON, | |
| Defendant; | |
| and | |
| KATHY JOHNSON, | |
| Claimant. | |

Before the Court is the parties' Joint Petition to Release Grand Jury Materials and Joint Motion for Protective Order, ECF No. 65, and the United States Attorney's Office's related Motion to Expedite, ECF No. 66. The United States Attorney's Office (USAO) seeks authorization to disclose grand jury documents in this matter to Claimant Kathy Johnson under Federal Rule of Criminal Procedure 6(e)(3)(E). Claimant served the United States with interrogatories and requests for production of documents. ECF No. 65 at 2-3. The parties conferred, and the United States indicated to Claimant that some of the documents implicated by her discovery requests were considered grand-jury materials that could not be disclosed

ORDER - 1

without authorization. *Id.* at 3. Parties therefore jointly move for the relief sought in this motion.

When a party seeks a document for its own intrinsic value, rather than to learn what took place before the grand jury, the bar of secrecy imposed by Rule 6 generally does not apply. *See generally* Fed. R. Crim. P. 6. However, if the document implicates matters occurring before a grand jury, Rule 6(e) governs. *Id.* Parties requesting disclosure under Rule 6(e)(3)(1) must show a particularized need for grand jury materials. *See United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). To meet this standard, the party requesting disclosure must show that: (1) the material is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy and (3) the request is structured to cover only material so needed. *Id.*

To the extent the documents requested implicate Rule 6, the parties have met the standard imposed by Rule 6(e)(3)(1). The parties represent the documents are necessary to enable the investigation and resolution of Claimant's claim. ECF No. 65 at 2–4. The document disclosure will be limited to those documents requested by Claimant through her interrogatories and requests for production. The parties also agree to abide by a protective order, further limiting the use of the disclosed documents. *Id.* at 4. Accordingly, the Court grants Parties' petition to release grand jury materials and enters the protective order set out below.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** The parties' Joint Petition to Release Grand Jury Materials and Joint Motion for Protective Order, **ECF No. 65**, is **GRANTED.**

**2.** The USAO's Motion to Expedite, **ECF No. 66**, is **GRANTED.**

**3.** The Court enters the following protective order:

*A.* The United States is authorized to provide Claimant Kathy Johnson limited grand-jury materials addressing Kathy Johnson and/or Scott Johnson which are relevant to Claimant's claims in the ancillary forfeiture proceeding in this case, pursuant to the terms and conditions imposed by this Court.

*B.* Documents, materials, in whole or in part, or information designated confidential pursuant to this Protective Order, and provided to Claimant Kathy Johnson, shall not be disclosed or disseminated in any form, including but not limited to electronic, printed form, paper notes or summaries or oral representations. All persons having access to confidential information made available pursuant to this Protective Order shall agree not to make any use of the confidential information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said confidential information in whole or in part via electronic transmission, printed form, paper notes or summaries, or oral representations to any person not previously authorized by the terms herein.

**C.** All copies of confidential information disclosed under this Protective Order shall be subject to the same restrictions as imposed on the original information. All documents, materials, and information designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of the person to whom they are disclosed as provided by the Protective Order. The parties may not retain any documents, materials, or information designated as confidential pursuant to this Protective Order after the conclusion of this litigation or the trial of this case, whichever comes first, except pursuant to a Court Order.

**D.** Except as otherwise provided by law, upon completion of this litigation, all documents and materials designated confidential and all copies thereof, shall be returned to the producing party or certified by the parties as shredded.

**E.** Documents, materials, and information designated as confidential pursuant to this Protective Order may be disclosed in regular proceedings of this Court. However, exhibits marked "CONFIDENTIAL" shall be: a) filed ECF under seal and b) designated as an Exhibit containing confidential material subject to the Court's Protective Order.

**F.** The confidential documents, materials, or information set forth in this case may be used at deposition(s) or the ancillary hearing without limitation.

However, any party or interested third party may apply to this Court for additional protection regarding the protected use at trial of materials identified as "CONFIDENTIAL" in this case. Such motions should be filed contemporaneous with the parties' respective pre-trial motions.

　　　**G.** No further modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. It is unreasonable to rely on any oral modification or amendment of this Order.

　　　**H.** Government personnel and counsel for Defendants shall promptly report to the Court any known violations of this Order.

　　　**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

　　　**DATED** this 24th day of August 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge