FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT CARL JOHNSON,<br><br>　　　　　Defendant. | No.　4:15-cr-06042-SMJ-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, is Defendant Scott Carl Johnson's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 116; *see also* ECF Nos. 125 (supplemental briefing of counsel), 128 (supplemental declaration of Defendant). The Government opposes compassionate release. ECF No. 126. The Court has reviewed the record in this matter, is fully informed, and denies the motion.

## BACKGROUND

Defendant pleaded guilty to Conspiracy to Commit Wire Fraud under 18 U.S.C. § 1349 and to Conspiracy to Defraud the Government under 18 U.S.C. § 286. *See* ECF Nos. 1, 10, 11 & 15. In June 2017, this Court sentenced Defendant to at term of incarceration of 97 months. ECF Nos. 53; *see also* ECF Nos. 59, 93, 95,

102 & 109 (amending the judgment but not the term of incarceration). In February 2020, this Court entered its Sixth Amended Judgment, reducing Defendant's term of incarceration to 70 months. ECF No. 114. Defendant is currently housed at FCI Sheridan in Sheridan, Oregon with a projected release date of May 20, 2022. *BOP Inmate Locator*, BOP (last accessed June 16, 2021), https://www.bop.gov/inmateloc/. Defendant now seeks compassionate release because of the risks created by the coronavirus (COVID-19) pandemic. ECF Nos. 116, 125 & 128. Defendant reports that he suffers from obesity, hypertension (i.e., high blood pressure), and pre-diabetes. *See, e.g.*, ECF No. 125 at 1. Defendant has been fully vaccinated against the coronavirus. ECF No. 125-5. Even so, at FCI Sheridan, about 157 inmates have tested positive for COVID-19, and BOP currently lists 33 active inmate cases and 5 staff cases. COVID-19 Cases, BOP (last accessed June 16, 2021), https://www.bop.gov/coronavirus/.

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). The Court must also consider the

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

sentencing factors provided in 18 U.S.C § 3553(a). 18 U.S.C. § 3582(c)(1)(A). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

## DISCUSSION

**A.    Defendant exhausted his administrative remedies**

Having reviewed the materials Defendant submitted with his motion for early release, the Court concludes he has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, it appears Defendant sought relief from the warden of his facility on September 8, 2020. *See* ECF 116-1 at 2, 20–25. More than thirty days have elapsed since the receipt of Defendant's request to the warden. As a result, the Court is satisfied Defendant has met the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Government does not dispute that Defendant has exhausted his administrative remedies. ECF No. 126 at 12.

//

//

//

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

B.  **Defendant has not demonstrated extraordinary and compelling reasons warranting release**

Turning to the merits of Defendant's request, the Court finds he has failed to establish "extraordinary and compelling reasons" warranting a reduction in his sentence to time served. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Further, the crime of conviction is a serious offense, which included a possible 20-year term of incarceration. The Court finds that the sentencing factors do not weigh in favor of his early release.

To support his motion for compassionate release, Defendant asserts that he suffers from obesity, hypertension (i.e., high blood pressure), and pre-diabetes. *See, e.g.*, ECF No. 125 at 1. The CDC reports that people with obesity, high blood pressure, and diabetes face an increased risk of suffering from severe illness if they contract the disease. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 16, 2021).

FCI Sheridan reportedly has thirty-three active inmate cases of COVID-19 and five active staff cases. COVID-19 Cases, BOP, https://www.bop.gov/coronavirus (last accessed June 16, 2021). Despite these numbers, Defendant has been fully vaccinated. ECF No. 125-5. And "[a] new CDC study finds the mRNA COVID-19 vaccines authorized by the Food and Drug

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

Administration (Pfizer-BioNTech and Moderna) reduce the risk of infection by 91 percent for fully vaccinated people." *Vaccination Makes Illness Milder, Shorter for the Few Vaccinated People Who Do Get COVID-19*, CDC, https://www.cdc.gov/media/releases/2021/p0607-mrna-reduce-risks.html (last accessed June 16, 2021). Considering the effectiveness of current vaccines and Defendant's medical conditions, Defendant presents no "extraordinary" diagnoses that warrant early release; his situation quite simply falls short of the "extraordinary and compelling" standard required under 18 U.S.C. § 3582(c).

The Court must also consider the Section 3553(a) factors. Along with the kinds of sentences available and the sentencing range established by the guidelines, Section 3553(a) also instructs the Court to consider:

> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Despite the increased risk posed by the pandemic, the Court concludes that Defendant's sentence continues to reflect the seriousness of the offense, promote

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant Scott Carl Johnson's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), **ECF No. 116**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

**DATED** this 16th day of June 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 6